IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHTONE DESIGN GROUP L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-0547-NRB/DFE |
| ) | Buchwald/Eaton |
| CLASSICAL PILATES, Inc., JEFFREY ) | |
| B. FOERSTER AND TAUNYA G. ) | |
| FOERSTER, Jointly and Severally, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Fed.R.Civ.P. 54(d)(2), Defendants, Classical Pilates, Inc, Jeffrey B. Foerster, and Taunya G. Foerster (hereinafter "Defendants"), by and through undersigned counsel, hereby respectfully move this Court to award attorneys' fees in connection with the Complaint filed by Richtone Design Group L.L.C. (hereinafter "Plaintiff") and dismissed for lack of personal jurisdiction.

### I. Facts

Plaintiff is a national corporation which does business in the state of Florida. Plaintiff states in Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ("Opposition") that "[F]rom about 1992 through today, Pilates Incorporated (Herinafter "PI") and then Richtone Design Group (Hereinafter "RDG") licensed the operation of Pilates teacher certification programs *throughout the country*." Opposition at 2 (emphasis added). Plaintiff goes on to specify that:

> During the period of January 1998 through March 2002, The Pilates Studio of Atlanta (herinafter "PSA") operated the Pilates Studio of Florida *in Fort Myers Florida*. It should be noted that Sean Gallagher has been or is president of all three companies, RDG, PI, and PSA.

Opposition at 3 (emphasis added). Plaintiff goes so far as to refer to the Fort Lauderdale/Miami metropolitan area as "a haven for New Yorkers." Opposition at 4.

Despite Plaintiff's own acknowledged nationwide reach, presence in the State of Florida, and affinity towards the Fort Lauderdale/Miami metropolitan area, Plaintiff filed its Complaint against Defendants in the United States District Court for the Southern District of New York on January 24, 2006. In that document, Plaintiff conceded that Classical Pilates, Inc. is "a Florida corporation … whose principal place of business is in Florida." Complaint ¶2. Plaintiff's Complaint made no allegation that this Court has personal jurisdiction over Defendants, nor did it allege facts that would support an assertion of personal jurisdiction. Furthermore, Plaintiff never amended its Complaint to allege personal jurisdiction or allege facts in support of an assertion of personal jurisdiction. Plaintiff instead put forth arguments which this Court correctly found to lack any basis in fact or law, seeking, for example, to base personal jurisdiction on Defendants' very presence in Fort Lauderdale, Florida.

Plaintiff continued to litigate the issue even after the Motion to Dismiss was fully briefed. Plaintiff communicated by letter with the Court requesting leave to file a Surreply, (attached as Exhibit A) to which Defendants were compelled to communicate an objection. (Attached as Exhibit B) When permission to file a Surreply was granted, Plaintiff filed a document containing no new facts or legal arguments, but setting forth misleading assertions, which Defendant was again compelled to address by requesting a correction from Plaintiff, (attached as Exhibit C) which Plaintiff then provided. (Attached as Exhibit D).

The attorneys' fees and expenses for contesting personal jurisdiction with respect to this action total $19,422.82 as of July, 2006. Defendants' legal bills with respect to this action, including fees and expenses, amounted to $3,163.75 in February of 2006, $6,590.30 in March of 2006, $4,650.41 in April of 2006, $3,162.44 in May of 2006, $1,670.53 in June of 2006, and $185.39 in July of 2006. See Declaration of Leslie J. Lott, ¶13 (hereinafter "Declaration") and attachments thereto. Of the fees assessed, $2,189 was incurred in opening the file and conferring with and advising the clients; $1,776.50 was incurred in researching the local rules of the Southern District of New York, and in determining and tracking deadlines with respect to this action; $3,591 was incurred in efforts to achieve a settlement with opposing counsel, $4,205 was incurred in researching and drafting Defendants' Motion to Dismiss; and $4,401 was incurred in researching and drafting the Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss. An additional $1,168 was incurred in addressing opposing counsel's request for

2

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 Telephone • (305) 446-6191 Facsimile

leave to file a Surreply, and another $1,168 was incurred in addressing the Surreply itself, and particularly in compelling Plaintiff to correct its misleading assertion of fact therein. <u>Declaration</u>, ¶ 14.

The rates assessed by Defendants' counsel in this matter range from $125 per hour for work performed by our litigation paralegal, <u>Declaration</u>, ¶¶ 11-12; $160-170 per hour for work performed by an associate of the firm with one year of experience specializing in Intellectual Property litigation, <u>Declaration</u>, ¶¶ 9-10; and $460 per hour for work performed by a senior partner of the firm with over thirty years of experience specializing in Intellectual Property litigation. <u>Declaration</u>, ¶¶ 2, 7.

The rates assessed by Lott & Friedland, P.A. with respect to this litigation reflect the average cost for the defense of such litigation. The 2005 American Intellectual Property Law (AIPLA) *Report of the Economic Survey* reports that as of 2004, "[t]he median billing rate for IP work was $270," and that "[f]or non-IP work, the median billing rate was also $270 overall." *Id.* at p. 34, attached as <u>Exhibit E</u>. The average billing rate for work performed in this case was $218.20, far below the median that existed as of 2004.

The hourly billing rate assessed by Defendant's counsel for work by a senior partner with thirty years of experience specializing in Intellectual Property Litigation was $460 per hour. <u>Declaration</u>, ¶ 7. This is below the third quartile for work performed by an attorney with commensurate experience in the field as reported by the *AIPLA Report of the Economic Survey*. *Id.* at p. I-41, attached as <u>Exhibit E</u>. Defendants note that attorneys with commensurate experience in New York, where this action was brought, bill at up to twice this rate. <u>Declaration</u>, ¶8. The average hourly billing rate assessed by Defendant's counsel for work by an associate was at most $170 per hour. The national average assessed for work by an associate in a private firm is $230 per hour in the metropolitan southeast, significantly lower again than the $291 per hour assessed in New York, where this action was located.

## II.   Argument

A district court has the discretion to award attorneys' fees to a defendant who prevails on a jurisdictional question pursuant to its inherent authority. *Dattner v. Conagra Foods, Inc.*, 2006 U.S. App. LEXIS 18944, 15-16 (2d Cir. 2006); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d

3

leave to file a Surreply, and another $1,168 was incurred in addressing the Surreply itself, and particularly in compelling Plaintiff to correct its misleading assertion of fact therein. Declaration, ¶ 14.

The rates assessed by Defendants' counsel in this matter range from $125 per hour for work performed by our litigation paralegal, Declaration, ¶¶ 11-12; $160-170 per hour for work performed by an associate of the firm with one year of experience specializing in Intellectual Property litigation, Declaration, ¶¶ 9-10; and $460 per hour for work performed by a senior partner of the firm with over thirty years of experience specializing in Intellectual Property litigation. Declaration, ¶¶ 2, 7.

The rates assessed by Lott & Friedland, P.A. with respect to this litigation reflect the average cost for the defense of such litigation. The 2005 American Intellectual Property Law (AIPLA) *Report of the Economic Survey* reports that as of 2004, "[t]he median billing rate for IP work was $270," and that "[f]or non-IP work, the median billing rate was also $270 overall." *Id.* at p. 34, attached as Exhibit E. The average billing rate for work performed in this case was $218.20, far below the median that existed as of 2004.

The hourly billing rate assessed by Defendant's counsel for work by a senior partner with thirty years of experience specializing in Intellectual Property Litigation was $460 per hour. Declaration, ¶ 7. This is below the third quartile for work performed by an attorney with commensurate experience in the field as reported by the *AIPLA Report of the Economic Survey*. *Id.* at p. I-41, attached as Exhibit E. Defendants note that attorneys with commensurate experience in New York, where this action was brought, bill at up to twice this rate. Declaration, ¶8. The average hourly billing rate assessed by Defendant's counsel for work by an associate was at most $170 per hour. The national average assessed for work by an associate in a private firm is $230 per hour in the metropolitan southeast, significantly lower again than the $291 per hour assessed in New York, where this action was located.

## II.    Argument

A district court has the discretion to award attorneys' fees to a defendant who prevails on a jurisdictional question pursuant to its inherent authority. *Dattner v. Conagra Foods, Inc.*, 2006 U.S. App. LEXIS 18944, 15-16 (2d Cir. 2006); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d

3

351, 362-363 (S.D.N.Y. 2006). Such authority may be exercised if the plaintiff acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Dattner*, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991), *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992) (district court had inherent authority to impose attorneys' fees on unsuccessful pro se litigant who acted in bad faith, vexatiously, wantonly, or for oppressive reasons); *United States v. Int'l Brotherhood of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (affirming "inherent power... to assess costs and attorneys' fees against either the client or his attorney where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons").

In the recent case of *Clark v. Meijer, Inc.*, 376 F. Supp. 2d 1077, 1087 (D.N.M. 2004), the district court awarded attorneys' fees upon finding that the plaintiffs "[were] unable to establish the necessary elements for this Court to maintain personal jurisdiction and have acted in bad faith by filing this lawsuit with frivolous allegations that the Court does have such jurisdiction." As with the plaintiff in *Clark*, this is not the first time this Plaintiff has attempted to abuse the jurisdiction of this Court. In *Pilates, Inc. v. Current Concepts, Inc.*, 120 F. Supp 2d. 286, 313-314, Plaintiff filed an action in this Court attempting to recover for the infringement of a mark which this Court found to have been fraudulently obtained by Plaintiff. Specifically, in obtaining the federal trademark registration that Plaintiff pressed in that claim, Plaintiff's representations "constituted a deliberate attempt to mislead the PTO." *Id.*

The *Baker* court also held it significant that the Plaintiff in that case "clearly was aware of the law in this area, as he had previously litigated this precise question," 431 F. Supp. 2d at 363. This particular Plaintiff has litigated the issue of personal jurisdiction in previous cases before this Court. In *Pilates, Inc. v. Current Concepts*, 1996 U.S. Dist. LEXIS 15415 (S.D.N.Y. 1996) Plaintiff failed to make a *prima facie* case of personal jurisdiction over a defendant named in that case. With respect to that defendant, this Court found that:

> Other than a vague allegation that [defendant] 'controlled' Current Concepts, ...Pilates has not alleged any specific conduct by [defendant]. The complaint does not describe [defendant]'s role in the allegedly infringing advertising or sales in New York. Thus, Pilates has not made a prima facie showing of personal jurisdiction over [defendant]."

*Id.* at *8. Plaintiff made a *prima facie* case of personal jurisdiction over another party by showing that it had actually "advertised and sold exercise equipment under the 'PILATES' trademark in New York" *Id.* at *5. In *Pilates, Inc. v. Pilates Institute*, 891 F. Supp. 175 (S.D.N.Y. 1995)

4

Plaintiff made a *prima facie* case of personal jurisdiction by demonstrating that the defendant in that case had offered workshops in New York, mailed brochures into New York, published an infringing advertisement in a magazine circulated only in New York, and solicited a New York video store to sell its infringing tapes.

Plaintiff, therefore, has previously been required to make out a prima facie case of personal jurisdiction on at least two prior occasions, and has previously failed to do so with at least one named defendant. Plaintiff was therefore well aware of the need to plead and prove personal jurisdiction at the time this suit was commenced. Furthermore, Plaintiff was aware of both the legal standard for determining personal jurisdiction, and of the factual showing that was required to do make a *prima facie* case of personal jurisdiction.

In *Baker*, this Court also noted that certain of the plaintiff's submissions "were replete with rambling, irrelevant, unsupported assertions of fact and law." 431 F. Supp. 2d. at 366. Although Defendants do not characterize Plaintiff's submissions as "rambling," Defendants were nonetheless forced to address Plaintiff's irrelevant forays into trademark law and unsupported assertions of law with respect to the argument that operating a business in Fort Lauderdale, Florida bestows jurisdiction on a court in New York. Defendants were further forced to address unsupported assertions of fact made in Plaintiff's Surreply with respect to the content of Defendants' website, which Plaintiff later corrected with the admission that these assertions were without any evidentiary basis.

Plaintiff is a corporation whose own filings with respect to this case describe its activities "throughout the country," specifically including Florida. Although Plaintiff could have brought this claim in Florida, it chose to proceed in the Southern District of New York, even though Plaintiff could make no colorable claim of personal jurisdiction in the Southern District of New York. In fact, Plaintiff's initial filing in this action did not even allege personal jurisdiction, and Plaintiff never amended its pleadings to so allege. Plaintiff's filings also show that Plaintiff is well aware of the fact that Defendants are small business owners, persons who can ill afford the costs of litigation which have already been imposed upon them by Plaintiff's baseless assertion of the jurisdiction of this Court. Plaintiff chose to file this case in a jurisdiction where it knew or reasonably should have known that personal jurisdiction was lacking, and conducted its litigation behavior in a manner that needlessly multiplied the costs imposed on Defendants. Because

5

Plaintiff had no basis whatsoever for asserting personal jurisdiction, and because Plaintiff could just as easily have brought this action in a jurisdiction where Defendants reside, the filing of the complaint in the Southern District of New York was in bad faith, and served only to coerce and oppress Defendants.

### III.  Conclusion

Defendants, having been forced to bear the costs of defending the filing of a suit with an utter lack of personal jurisdiction, and with this vital element lacking even from Plaintiff's complaint, pray that this Court award attorneys' fees in the amount of $19,422.82.

Dated: September 5, 2006                         Respectfully submitted,

                                                 _____
                                                 Leslie J. Lott, Esq. (LL-2077)
                                                 Brian Dean Abramson, Esq. (BA-5027)
                                                 Lott & Friedland, P.A.
                                                 355 Alhambra Circle
                                                 Suite 1100
                                                 Coral Gables, FL 33134
                                                 Phone: (305) 448-7089
                                                 Fax: (305) 446-6191
                                                 E-mail: ljlott@lfiplaw.com
                                                 E-mail: bdabramson@lfiplaw.com

                                                 *Attorneys for Defendants Classical Pilates, Inc, Jeffrey B. Foerster, and Taunya G. Foerster*

6

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida  33134
(305) 448-7089 Telephone • (305) 446-6191 Facsimile

Case No. 06-CV-0547-NRB/DFE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of **DEFENDANTS' MOTION FOR ATTORNEYS' FEES and INCORPORATED MEMORANDUM OF LAW** was served as follows upon Plaintiff:

Andrew L. Spence, Esq.
Attorney for the Plaintiff
75 Lafayette Avenue
Suffern, NY 10901
(914) 261-5254

On September 5, 2006 by First Class Mail.

_____
Brian Dean Abramson, Esq. (BA-5027)

7

**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 Telephone • (305) 446-6191 Facsimile